83dis.frm

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

William Eller,  )
            Plaintiff,  )
            v.  )  1:05CV00549
            )
Dr. Larry Jones, et al.,  )
            Defendant(s).  )

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## TO PLAINTIFF FILING A NEW COMPLAINT

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. Plaintiff alleges that the defendants have failed to treat or properly treat his medical condition. The form of the complaint is such that a serious flaw makes it impossible to further process this complaint. The problem is:

1. Plaintiff has stated in the complaint form that he has not fully exhausted available administrative remedies. Exhaustion is required before plaintiff may bring this action. See 42 U.S.C. § 1997e; Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The failure to exhaust is clear from the face of the complaint, and plaintiff has had an opportunity to address the issue on the form itself and explain why he has not exhausted his available remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). The court finds that any stated reasons do not excuse plaintiff from the exhaustion requirement.

Consequently, this particular complaint will be dismissed, but without prejudice to plaintiff filing a new complaint after exhaustion of available administrative remedies. The court realizes that time appears to be of the essence for plaintiff, however the administrative remedy process could well proceed on a faster schedule than any court proceeding.

In forma pauperis status is granted for the sole purpose of entering this order of dismissal with permission to file a new complaint after exhaustion.

IT IS THEREFORE ORDERED that in forma pauperis status is granted for the sole purpose of entering this order.

IT IS FURTHER ORDERED that this action be filed and dismissed sua sponte without prejudice to plaintiff filing a new complaint after exhaustion of available administrative remedies.

June 16, 2005

Wallace W. Dixon, U.S. Magistrate Judge